UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ABBYLEN AMEZCUA, | Case No. 2:25-cv-05720-HDV-RAO |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [10]** |
| v. | |
| NISSAN NORTH AMERICA, INC. et al., | |
| Defendants. | |

1

## I. INTRODUCTION

This lemon law action arises out of alleged defects and nonconformities in Plaintiff Abbylen Amezcua's 2023 Nissan Kicks. Before the Court is Plaintiff's Motion to Remand ("Motion"), which contends that Nissan North America, Inc. ("Nissan") failed to satisfy its burden to establish the $75,000 amount in controversy requirement.[1]  [Dkt. 10].

For the foregoing reasons, the Court disagrees, and on that basis denies the Motion.

## II. BACKGROUND

Amezcua purchased a new 2023 Nissan Kicks on December 16, 2022. Complaint ¶ 5 [Dkt. 1-1]. Along with the vehicle, Amezcua received written warranties, including a three-year or 36,000 mile basic warranty and a five-year or 60,000 mile powertrain warranty. *Id.* ¶ 7. But Amezcua has since delivered the car to Defendants' authorized service and repair facilities on at least five separate occasions for various defects, including a malfunctioning self-parking feature, a faulty battery, and a faulty automatic emergency breaking system, among others. *Id.* ¶¶ 9–11. Each time, Defendants failed to confirm the vehicle to the applicable warranties. *Id.* ¶ 12. And despite repeated demands, Defendants failed to make restitution or replacement. *Id.* ¶ 20.

On May 8, 2025, Amezcua initiated the instant action against Nissan in Los Angeles County Superior Court, alleging breach of implied and express warranty in violation of the Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"). *Id.* ¶¶ 14–34. Nissan removed to federal court. Notice of Removal [Dkt. 1]. On July 16, 2025, Plaintiff moved to remand. The Court heard oral argument on the Motion on August 14 and took the matter under submission. [Dkt. 13].

## III. LEGAL STANDARD

Federal courts have original jurisdiction over civil actions where there is complete diversity and where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332; *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005). Section 1332 requires complete diversity,

---

[1] Plaintiff does not challenge Nissan's allegations as to complete diversity. The Court is satisfied that such diversity exists here. Plaintiff, an individual, is a citizen of California, and Defendant is a Delaware corporation with its principal place of business in Tennessee.

meaning that each plaintiff must be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005) (*citing Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).

A defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1447(c), an improperly removed case must be remanded to state court. Any doubts about removal are resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

When a state court complaint is silent or ambiguous as to the amount in controversy, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). In its notice of removal, the removing party need only include a short and plain statement setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). But where the plaintiff challenges removal, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88. "In assessing the amount in controversy, [courts] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).

### IV.  DISCUSSION

The only question presented is whether the amount in controversy requirement has been met.

The Song-Beverly Act allows a plaintiff to recover damages, civil penalties, and costs and expenses, including attorney's fees. Cal. Civ. Code § 1794. "In the case of restitution, the manufacturer shall make restitution in an amount equal to the actual price paid or payable by the buyer," which "may be reduced by the manufacturer by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle." *Id.* § 1793.2(d)(2). *See Nealy v. FCA US LLC*, No. 2:21-cv-06552-MEMF-SHKx, at *4 (C.D. Cal. Apr. 22, 2022) (outlining formula

for mileage offset).  Here, Plaintiff does not challenge Defendant's estimate that the actual damages are $27,000.  Notice of Removal at 4; Declaration of Victoria Holmberg ¶ 2 (averring that based on her review of the subject vehicle's records, $27,000 is a non-speculative estimate of actual damages) [Dkt. 11-1].

Rather, Plaintiff challenges only the inclusion of civil penalties and attorneys' fees.  In particular, Plaintiff contends that though she prayed for civil penalties up to two times the amount of actual damages, civil penalties are too speculative to be included in the amount in controversy.  Motion at 4; Complaint Cal. Civ. Code § 1794(c).  But Plaintiff does allege that Nissan "knowing[ly]" and "intentionally" failed to make restitution.  Complaint ¶ 20 (alleging that Nissan, "knew of [its] obligations under the Song-Beverly Act" but "intentionally failed and refused to make restitution or replacement"); *id.* ¶ 31 (alleging that Nissan "knowing [its] obligations under the Song-Beverly Act . . . failed and refused to make restitution or replacement," such that civil penalties of up to two times Plaintiff's actual damages are warranted).  Given such allegations, civil penalties are properly considered as part of the amount in controversy, which "reflects the *maximum* recovery the plaintiff could reasonably recover."  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019).  *See also Ladd v. Mercedes-Benz USA, LLC*, No. 2:25-CV-02879-HDV-BFM, 2025 WL 2081572, at *3 (C.D. Cal. July 24, 2025).

Plaintiff also contends that attorneys' fees should be excluded.  Motion at 5.  But as Plaintiff's maximum potential recovery in actual damages and civil penalties is $81,000, attorneys' fees are not necessary to reach the $75,000 threshold.  Accordingly, remand is not warranted.

V.  **CONCLUSION**

Plaintiff's Motion to Remand is denied.

Dated: September 4, 2025

Hernán D. Vera
United States District Judge